[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDE VERDICTAND MOTION FOR A NEW TRIAL
On May 14, 1996 the court heard argument on Plaintiff's Motion to Set Aside Verdict and To Order a New Trial, which motion was filed on April 25, 1996. The defendant opposed the motion on both procedural and substantive grounds. The procedural claim was that the motion was not timely filed, April 25th being more than five days from the court's acceptance of the verdict on April 15, 1996.
The Plaintiff's supporting memorandum was filed in open court on May 4, 1996, the date argument was scheduled to be heard. In order to permit the defendant to respond to authority cited by the Plaintiff on the issue of timeliness, the court reserved decision on that issue and proceeded to hear the motion on the substantive grounds raised. The court denied the motion as to those substantive grounds.
We now go on to consider the procedural issue. The provisions of Section 320 of the Practice Book as to the time within which motions to set aside a verdict must be filed are mandatory. Such motions must be filed within five days after the day the verdict is accepted or judgment rendered.
The Plaintiff cites Kelley v. Bonney, 221 Conn. 549 (1992) for the proposition that since judgment entered in the instant case on April 22, 1996, her motion filed April 25, 1996 was timely since it was within five days of April 22nd. We do not agree.
In Kelley v. Bonney, supra, the court found that the trial court had specifically articulated that judgment was not rendered on the directed verdict until June 8, 1990, and that the CT Page 4010-V plaintiff had filed his motion to set aside the verdict on February 9, 1990, nearly four months prior to the rendering of judgment. Based on those findings the Kelly court concluded that the plaintiffs motion was timely.
In the instant case the verdict was accepted on April 15, 1996. Five days elapsed without the filing of any motion(s) addressed to the verdict or a motion for extension of time. Thereafter, judgment entered on April 22, 1996.
Plaintiff's claim that the five days for filing the motion for a directed verdict runs from April 22, 1996, is without authority and is not provided for under the provisions of Practice Book § 320, nor, does Kelly stand for that proposition.
Plaintiff's motion to set aside the verdict and to order a new trial is not timely filed and is therefore denied on procedural grounds as well.
M. Hennessey, J.